## In re CARR.

(Court of Appeals of District of Columbia. Submitted January 17, 1924. Decided March 3, 1924.)

### No. 1632.

Patents ⬡➡104—Claims properly rejected as covered by applicant's prior patent.

Rejection of 17 of applicant's claims for a method and for an apparatus for tamping newly laid concrete, so as to compact it, *held* proper, in view of applicant's prior patent, No. 1,204,245.

Appeal from the Commissioner of Patents.

In the matter of the application of Edward G. Carr for a patent. From a decision refusing to allow 17 of applicant's claims, he appeals. Affirmed.

W. G. Henderson, of Washington, D. C., and Frank E. Dennett, of Milwaukee, Wis., for appellant.

Theodore A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before ROBB and VAN ORSDEL, Associate Justices, and SMITH, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from a decision of the Patent Office refusing to allow 17 claims for patent, some of which were for a method and others for an apparatus for tamping newly laid concrete, so as to compact it.

The machine employed is power-driven and provided with a transversely extending tamping bar yieldingly suspended from the frame of the carriage by means of stiff leaf springs. The bar is given rapid vertical vibratory movements by means of an eccentrically weighted section of the flexible power-driven shaft. The function of the downward movement of the bar is to compact the concrete, while the rapid upward movement tends to produce a suction, causing the concrete to move upwardly. It is a theory of the invention that these opposite movements of the concrete tend to prevent the permanent formation in bridged relation of the stones therein, thereby facilitating compacting of the mass.

The Patent Office has found, and in that finding we concur, that any difference between this method and machine and those of applicant's prior patent (No. 1,204,245, granted November 7, 1916) resides in the leaf springs employed in the later machine. Claim No. 15, disallowed by the Examiner, covers these differences, and, since that claim was allowed by the Examiners in Chief, we agree with the conclusion reached that to allow more would amount to double patenting. It is unnecessary, in view of the carefully considered decisions below, to extend this discussion.

The decision is affirmed.

Affirmed.

⬡➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes