35 C.C.P.A. (Patents)

Application of WISE et al.
Patent Appeal No. 5385.

Court of Customs and Patent Appeals.
Feb. 10, 1948.

Marvin J. Reynolds, of New York City (A. A. Thomas, of New York City, and Ralph B. Stewart, of Washington, D.C., of counsel), for appellants.

W. W. Cochran, of Washington, D.C. (H. S. Miller, of Washington, D.C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and HATFIELD and JACKSON, Associate Judges.

JACKSON, Associate Judge.

The appellants appeal from a decision of the Board of Appeals of the United States Patent Office, affirming the action of the Primary Examiner finally rejecting claims 3, 4, and 6 of a patent application for "Facsimile Apparatus." Nineteen claims were allowed.

Claims 3, 4, and 6 were rejected on the patent to Oppman, 1,546,992, dated July 21, 1925, in view of the patent to Reed, 666,154, dated January 15, 1901.

The claims read as follows:

"3. In facsimile scanning apparatus, a rotatable hollow transparent cylinder to receive a flexible sheet to be scanned, and means mounted within said cylinder retractible from the inner wall of said cylinder when it is at rest and expansible toward said cylinder concomitantly with said cylinder rotation to press a sheet into intimate contact with the inside of said cylinder wall."

"4. In facsimile scanning apparatus, a rotatable hollow transparent cylinder to support interiorly thereof a sheet for scanning purposes, and means within said cylinder movable inwardly and outwardly with respect thereto, said outward movement being a concomitant of said cylinder rotation to hold a sheet against the inside of said cylinder wall."

"6. In a facsimile machine, a hollow cylinder having the curved portion thereof pervious to light, said cylinder serving to support interiorly thereof a sheet expansible means mounted within said cylinder and normally disposed out of contact with the inner surface thereof when said cylinder is at rest to permit the insertion of a sheet in said cylinder, means for rotating said cylinder for scanning purposes, and means operable concomitantly with the rotation of said cylinder for acutating said expansible means toward said cylinder to press said sheet against the inside of the curved portion of said cylinder."

The application relates to a system for facsimile communication. It is disclosed that a communication or message inscribed on a paper, such as a telegram, may be placed in a transparent cylinder, which is rapidly rotated by a motor for the scanning of the writing or printing by a ray of light from a light source. The apparatus transmits impulses, corresponding to the letters or characters on the sheet in the cylinder, through line conductors to a distant station where the impulses are translated at a recorder, thereby producing a facsimile of the message on the paper in the cylinder.

The subject matter of the appealed claims relates to the scanning part of the system and comprises a rotating transmitter cylinder, in which the sheet containing the

writing is inserted. Inside the cylinder there are means for holding the paper against the cylinder wall during the cylinder rotation. The holding means are spaced from the inner surface of the cylinder when it is at rest. When the cylinder rotates in the process of scanning, the holding means moves outwardly to press the paper against the cylinder wall so that a smooth surface of the paper is obtained, in order that the scanning ray passing through the cylinder may give accurate impulses from its action on the characters on the paper.

The Oppman patent relates to a cylinder for holding a motor vehicle operator's driving license. It may be attached to the instrument panel or other convenient location in an automobile. The device comprises a transparent hollow cylinder, formed of glass or celluloid. Each end of the cylinder is closed with a removable flanged cap, in the center of which is a small circular opening. A suspension or supporting plate for the cylinder has arms extending at right angles from its top and bottom, provided, at or near the end of each of the arms, with a hollow semicircular lug which extends into and frictionally engages the circular openings in the caps of the cylinder. The device is held in place by means of a plurality of vacuum cups.

The Reed patent relates to shields for water or gage glasses, particularly to high-pressure glasses in locomotive-engines. Within the metallic shield, a split cylinder in form, is a reflecting surface of white paper or similar material held in place against the interior of the shield by means of spring plates or clips, in the form of incomplete rings.

The Primary Examiner held that it would appear obvious to use the clips of the Reed device to hold the sheet of the Oppman structure in place. He held that, were the clips so used, they would be movable inwardly and outwardly, and that the outward movement would be a "concomitant of said cylinder rotation", as set out in claim 4. He stated that the word "concomitant" meant nothing more than that the holding means may be expanded and the cylinder rotated contemporaneously. He further stated that, because the claims do not define

the cylinder rotation by its driving means, "concomitant of said cylinder rotation" does not constitute a positive limitation, and does not define the structure over the references. The examiner held that claims 3 and 6 are met by the references for the same reason given with respect to claim 4.

In the examiner's reply to the brief filed by appellants on their appeal to the board, the examiner pointed out that appellants laid stress on the meaning of the terms "rotatable" and "concomitant" and stated that the issue is whether or not the appealed claims should be allowed merely on the possible implications thereof, instead of positive and direct statements of the elements and their respective functions.

The examiner correctly held that the word "rotatable" means "capable of being rotated" and, therefore, that appellants' statement in their brief that "merely because a person could turn Oppman's cylinder by hand so as to adjust it for reading of the license cards does not make Oppman's cylinder rotable within the meaning of appellants' claims" was untenable. He said that such statement does not clearly indicate the meaning that appellants ascribe to such terms.

The examiner further said appellants' contention that the word "concomitant" carries with it an implication more than operation at the same time as or simultaneously with the rotation of the cylinder is not supported by the dictionary definition which he gave as: "1. Accompanying: conjoined; attending." The examiner finally held that the rejected claims merely indicate that the holding means is "expansible toward the cylinder at the time that the latter rotates." This he said is clear from a comparison of claims 3 and 4 with the allowed claims. In that respect he stated as follows:

"Claim 2 states 'means operable by said rotative movement to secure a sheet * * *' and it may be presumed that claim 3 is intended to differ from claim 2. However, only by giving the language of claim 3 a broad interpretation is it possible to differentiate from allowed claim 2, and such interpretation would not define over the references. Any claim which depends on un-

certain implications to avoid the prior art does not define the invention."

With respect to claim 6, the examiner pointed out that included therein is a means for rotating the cyclinder, but, since means for the rotation of cylinders are common, he did not suppose that appellants would rely upon that limitation, but if they did contend that such limitation imparted patentability to the claim, that the use of means to rotate the cylinder of the Oppman device, instead of rotating it by manual operation, would be the claiming of all means to do what formerly had been done by hand.

The Board of Appeals substantially agreed with the reasoning of the examiner. In its decision the board was of opinion that claim 6 differs from claims 3 and 4, mainly in the recitation of "means for rotating said cylinder", and held that it would not involve invention to provide a handle or other means for rotating the holder of the Oppman device, and, therefore, that claim could not be held patentable over the prior art by a broad recitation of rotating means.

The board observed that during the prosecution of the application that appellants could have controlled the phraseology of their claims and that they had demonstrated that the combination apparently sought to be covered by the claims on appeal were not impossible of definition by the inclusion of allowed claims 1 and 2. It, therefore, found no reason for departing from the rule that claims are to be given the broadest interpretation of which they are reasonably susceptible. In re Carr, 3230. G. 4, 54 App.D.C. 270, 296 F. 1017. The board held that allowed claims 1 and 2 positively set out "that the securing means are positionable by movement of the sheet supporting member or are operable by the rotative movement of the tubular member to secure the sheet to the support or tubular member" and that in their opinion the Primary Examiner, when he allowed those claims, recognized "the invention which appellants are endeavoring to express by the term 'concomitant' or 'concomitantly' and that no inconsistency is present in his position."

Appellants in their brief properly stated that the only issue here is whether or not the appealed claims are fairly readable on the card holder device of the Oppman patent, if that device were provided with the spring clips or plates of the device disclosed in the Reed patent.

Of course such combination is obvious if it were desired to hold the card in the Oppman device by means of the spring clips of the Reed structure. That is not denied by appellants, their contention being that the claims on appeal are patentably different from the structure made by providing the Oppman card holder with the Reed spring clips.

The tribunals of the Patent Office held the spring clips of the Reed device to be retractable from the cylinder wall of the Oppman device when the cylinder is at rest, and that the clips are expansible toward the interior surface of the cylinder, not only when the cylinder is at rest, but also when it is rotating, and, therefore, they are "expansible toward said cylinder concomitantly with said cylinder rotation," as set out in claims 3 and 4.

It is clear that spring clips are retractable. It is only necessary to squeeze the ends of the clips toward each other in order to demonstrate their retractive property. Appellants contend, and properly so we think, that if the clips were taken out of the cylinder to retract them, they are not within the cylinder, as set out in the claims. However, there is no limitation as to the size of the cylinder, and, as the solicitor pointed out in his brief, if the cylinder were large enough the spring clips could be retracted by hand without removing them from the cylinder, or if the cylinder be of such a small diameter that the clips could not be retracted by hand, it still could be done by the use of a suitable implement.

With respect to claims 3 and 4, it is clear to us that, in the said combination of the Oppman and Reed structures, it is obvious that the clips are retractable when the cylinder is at rest, and it also appears obvious that the means to hold the sheet are expanded and therefore are expansible "concomitantly," and as a "concomitant," as set out in the claims.

Claim 6 differs materially from claims 3 and 4, in that it contains the following limitation " * * * means operable concomitantly with the rotation of said cylinders for actuating said expansible means toward said cylinder to press said sheet against the inside of the curved portion of said cylinder." That limitation means to us that when the cylinder rotates, means for actuating the expansible means go into operation at the same time, and by reason of such actuation, the expansible means press the sheet against the interior surface of the cylinder. Clearly that describes a structure patentably distinct from the cited prior art, and, therefore, we do not agree with the decisions below that claim 6 was properly rejected on the prior art, as aforesaid.

For the reasons given herein, the decision of the board is reversed as to claim 6, and affirmed as to claims 3 and 4.

Modified.

By reason of illness, O'CONNELL, Associate Judge, was not present at the argument of this case and did not participate in the decision.